UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOLENE M. HENRY o/b/o V.E.W.,

                Plaintiff,

v.                                         1:18-CV-0552
                                          (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     ANTHONY ROONEY, ESQ.
  Counsel for Plaintiff                             KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               DENNIS CANNING, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   JOHANNY SANTANA, ESQ.
  Counsel for Defendant                         JOLETTA FRIESEN, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 17.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted in part, to the extent it seeks remand, and denied in part, and the Commissioner's motion is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Factual Background

Claimant was born in 2003. (T. 69.) At the time of filing Claimant was a school-aged child and at the time of the hearing she was an adolescent. (T. 16.) Claimant's alleged disability consists of attention deficit hyperactivity disorder ("ADHD"). (T. 196.)

### B. Procedural History

On March 6, 2015, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on Claimant's behalf. (T. 69.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On September 26, 2017, Plaintiff and Claimant appeared before the ALJ, Andrew Niedrick. (T. 35-68.) On October 12, 2017, ALJ Niedrick issued a written decision finding Claimant not disabled under the Social Security Act. (T. 10-34.) On March 19, 2018, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 16-29.) First, the ALJ found Claimant was a "school-aged child" at the time of filing and an "adolescent" the time of the hearing pursuant to 20 C.F.R. § 416.926a(g)(2). (T. 16.) Second, the ALJ found Claimant had not engaged in substantial gainful activity since the application date. (*Id*.) Third, the ALJ found Claimant suffered from the severe impairments of: ADHD, oppositional defiant disorder, and a learning disorder. (*Id*.) Fourth, the ALJ found Claimant did not have an

impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I ("the Listings"). (T. 17.) Fifth, the ALJ found Claimant did not have an impairment or combination of impairments that functionally equaled an impairment set forth in the Listings. (T. 17-28.) Sixth, and finally, the ALJ concluded Claimant had not been disabled, as defined by the Social Security Act, since March 6, 2015, the date her application was filed. (T. 28.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ erred by failing to evaluate Claimant's auditory processing disorder at step two. (Dkt. No. 12 at 8-10.) Second, and lastly, Plaintiff argues the ALJ erred in finding less than marked limitations in the domain of acquiring and using information and the domain of attending and completing tasks. (*Id*. at 10-15.) Plaintiff also filed a reply in which she reiterated her original arguments. (Dkt. No. 16.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues the ALJ properly assessed Claimant's auditory processing disorder. (Dkt. No. 15 at 15-17.) Second, and lastly, Defendant argues the ALJ's decision that Claimant was not disabled was supported by substantial evidence. (*Id*. at 17-25.)

## III. RELEVANT LEGAL STANDARD

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the

Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable

deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. 20 C.F.R. § 416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe." *Id.* § 416.924(c). If the child does not have a severe impairment(s), he or she is not disabled. *Id.* If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* § 416.924(d). In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being. *Id.* § 416.926a(b)(1)(i)-(vi). To functionally equal the

5

Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(a). A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

## IV. ANALYSIS

### A. The ALJ's Determination in the Domains of Acquiring and Using Information and Attending and Completing Tasks

Plaintiff asserts the ALJ erred in finding a "less than marked" limitation in the domains of acquiring and using information and attending and completing tasks because the ALJ relied on stale evidence and failed to consider the impact of Claimant's subsequent Individual Education Plan ("IEP"). (Dkt. No. 12 at 10-15.) Defendant counters the ALJ's decision that Claimant was not disabled was supported by substantial evidence and further Plaintiff's argument is a "red herring" because no physician or teacher indicated Claimant had disabling limitations in the domains of acquiring and using information or attending and completing tasks. (Dkt. No. 15 at 17-25.)

For the reasons outlined below, remand is necessary for a proper evaluation in the domains of acquiring and using information and attending and completing tasks.

Although the ALJ discussed some aspects of Claimant's IEP, there are conflicts in the record that should be reconciled by the ALJ. To be sure, the court does not require that "every conflict in a record be reconciled by the ALJ or the Secretary, ... but we do [require] that the crucial factors in any determination ... be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (citing *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)).

In making his determination that Claimant had a less than marked limitation in the domains of acquiring and using information and in attending and completing tasks, the ALJ relied, in part, on teacher questionnaires from 2015 and the 2015 opinion of a non-examining State agency consultant, Dr. Sharif-Najafi. (T. 23-24.) Plaintiff subsequently received an IEP in April 2017 which was to be implemented the following school year. (T. 529.)

Although provided early in the application process and prior to Plaintiff's IEP, the opinions of Dr. Sharif-Najafi and Claimant's teacher were not intrinsically stale. To be sure, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F.Supp.3d 329, 343 (W.D.N.Y. 2015). "However, a medical opinion is not necessarily stale simply based on its age." *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018); *see Andrews v. Berryhill*, No. 17-CV-6368, 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (ALJ did not err in relying on dated opinions where there was no indication the plaintiff's "condition had significantly deteriorated after the issuance of ... [the] opinions such that they were rendered stale or incomplete").

7

Further, as stated by Defendant, the "mere fact that [Claimant] received an IEP and qualified for special education services [. . .] does not establish a significant deterioration where the evidence showed that she had received intervention services since 2013." (Dkt. No. 15 at 20.) In general, IEPs "can provide useful information about a child's functioning[; however,] the underlying purpose of these documents is not to determine disability under [the Administration's] rules." SSR 09-2p, 2009 WL 396032, at *6.

Although the ALJ discussed portions of Claimant's IEP in his decision and although the information from 2015 was not stale purely because it was provided early in the application process, remand is nonetheless necessary for resolution of conflicts in the record. Here, information contained in the IEP provided information that directly contradicted the ALJ's reasoning for finding "less than marked" limitations in the domains and remand is necessary for the ALJ to resolve those conflicts.

In the domain of acquiring and using information, the ALJ determined Claimant had a less than marked limitation because she essentially lacked motivation. (T. 23.) The ALJ stated despite Plaintiff's report Claimant had difficulty learning and focusing in large groups, a teacher indicated Claimant's grades improved when she "buckled down." (T. 23.) The ALJ further relied on a teacher's comment that Claimant's problems in this domain were "a choice and not always a lack of ability." (*Id*.) The ALJ also cited Claimant's grade point averages and IQ scores to support his determination. (*Id*.) Lastly, the ALJ relied on Dr. Sharif-Najafi's opinion Claimant had less than marked limitation in this domain. (*Id*.) Dr. Sharif-Najafi concluded Claimant had a less than marked limitation in this domain based on the teacher questionnaire Claimant's

8

problems were "a choice and not lack of ability" and on a 2015 notation Claimant was not eligible for special education services.  (T. 74-75.)

In the domain of attending and completing tasks, the ALJ determined Claimant had a less than marked limitation.  (T. 24.)  In making his determination the ALJ relied on 2015 teacher notations that Claimant had obvious problems in this area and was distractible, but she was a "hard worker."  (*Id*.)  The ALJ also relied on a teacher observation that Claimant improved with medication.  (*Id*.)  Lastly, the ALJ relied on Dr. Sharif-Najafi's opinion Claimant had a less than marked limitation in this domain.  (*Id*.)  Dr. Sharif-Najafi based his opinion on treatment notations from 2011, the 2015 teacher questionnaire, and the consultative examiner's observations.  (T. 75.)

The 2017 IEP report contained objective testing, subjective reports from Plaintiff, and teacher observations.  (T. 529-536.)  The IEP concluded Claimant's "difficulties at school are likely related to her diagnosis of ADHD and weakness in verbal ability/comprehension."  (T. 530.)  Claimant's teacher noted Claimant's progress fluctuated, which the teacher believed had "a lot to do with her inability to focus in class."  (T. 531.)  The IEP noted that based on cognitive evaluations, despite having a good memory, Claimant required practice, re-teaching, and prompts to stay on focus and on task.  (T. 532.)  The conclusion of the IEP directly contradicted the ALJ's conclusion that Claimant had a less than marked limitation in the domain of acquiring and using information due to lack of motivation.  The IEP also contradicted the ALJ's determination Claimant had a less than marked limitation in the domain of attending and completing tasks, because despite being a hard worker and taking medication, Claimant

9

still was failing courses, needed services in every subject area, and prompts to stay on task. (T. 533-534.)

Although the ALJ summarized the 2017 IEP in his decision, he failed to discuss the recommendations and findings in any meaningful way. (T. 19.) To be sure, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted). However, the ALJ's failure to discuss the findings within the IEP which conflicted with his determination that Claimant had a less than marked limitations in the domains based on a lack of motivation and improvement with medication requires remand. *See Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir.2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

### B. The ALJ's Step Two Determination

Plaintiff argues the ALJ erred in failing to find Claimant's auditory processing disorder a severe impairment at step two. (Dkt. No. 12 at 8-10.) Defendant argues the ALJ properly evaluated Claimant's impairments at step two because Claimant's auditory processing disorder was not diagnosed by an acceptable medical source and further any error was harmless because the ALJ considered the effects of all of Claimant's medically determinable impairments in his decision. (Dkt. No. 15 at 15-17.)

At step two, the ALJ must determine whether Claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 416.924(c). For an individual who has not attained age 18, a medically determinable impairment of combination of impairments is not severe if it is a

slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations.  *Id*.

"The claimant bears the burden of presenting evidence establishing severity." *Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 270, 276 (W.D.N.Y. 2018) (quoting *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012)).  Step two's "severity" requirement is *de minimis* and is meant only to screen out the weakest of claims.  *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir. 1995).  However, the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995); *see Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013).

In addition, an error in finding an impairment non-severe at step two is harmless where the ALJ found other severe impairments, thus proceeding with the sequential steps, and the ALJ "specifically considered" those impairments in subsequent steps. *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013).

Only acceptable medical sources, as defined by the regulations, can provide evidence to establish a medically determinable impairment.  20 C.F.R. § 416.913(a). Only medically determinable impairments may be considered severe or non-severe. *See Id*. § 416.920(a)(4)(ii).  Plaintiff does not provide citation to evidence in the record of a diagnosis of auditory processing disorder by an acceptable medical source.  (Dkt. No. 12 at 8-10.)  On August 10, 2017, Claimant underwent a central auditory processing evaluation with an audiologist who determined Claimants had a severe auditory processing disorder.  (T. 584-587.)  Because audiologists are defined as "other sources"

11

they cannot establish a medically determinable impairment. 20 C.F.R. §416.913(d). Therefore, because Claimant's auditory impairment was not diagnosed by an acceptable medical source, the impairment cannot be considered a medically determinable impairment and therefore cannot be considered severe or nonsevere.

Further, any error in failing to discuss Claimant's auditory processing disorder at step two was harmless. Even assuming Claimant had a medically determinable impairment of an auditory processing disorder, the ALJ discussed auditory testing and results in his step three analysis. (T. 21.) Therefore, the ALJ did not err in his evaluation of Claimant's auditory processing disorder.

Overall, remand is necessary for the ALJ to resolve conflicts in the record. However, the ALJ did not err in his assessment of Claimant's auditory processing disorder.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: August 22, 2019

                                               William B. Mitchell Carter
                                               U.S. Magistrate Judge